UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

SANDRA HEATH

      Plaintiff

vs.

CV 07-PT-826-M

RAY CUMBY and
NICK GASKIN

      Defendants

## MEMORANDUM OPINION

This court is considering a possible new trial pursuant to Rule 59(d) of the Federal Rules of Civil Procedure. There were three primary claims of excessive force by the plaintiff:

(1) An alleged tackling and throwing plaintiff to the floor;

(2) The substantially undisputed evidence of pepper spraying; and

(3) The alleged "force" of leaving plaintiff unattended on the floor while she suffered from alleged injuries.

The evidence regarding (1) and (3) above clearly involve credibility issues which were for the jury. (1) involves substantially disputed evidence. (3) involves issues of fact with regard to the advisability of awaiting medical providers.

(2), however, involves issues of law which should be further considered. It is undisputed that the plaintiff who weighed 88 lbs was simultaneously pepper sprayed by both defendants, who both have a large and strong appearance, while the plaintiff was handcuffed at the police

station. The court instructed the jury, without objection, that among the matters that the jury should consider in determining whether this was unreasonable and excessive force were: the severity of the crime allegedly committed by the arrestee, whether the arrestee posed an immediate threat to the safety of the officers or others and whether the arrestee was resisting arrest or attempting to evade arrest by fleeing.

(Severity of offense)

As to severity of her offense, it was that she was inquiring about her son who had been arrested, was told to be quiet and leave and made a motion toward the door of the police car in which her son was sitting handcuffed. By no stretch can that be considered severe.[1] There was certainly no evidence of violence or intended violence by plaintiff.

(Immediate threat)

There was absolute no threat to the safety of the officers or others.

(Resisting arrest or attempting to evade arrest by fleeing)

There was no such evidence.

In *Vinyard v. Wilson*, 311 F.3d 1340, 1348 (11th Circ. 2002), the court stated:

> Moreover, at the time of the force during the jail ride, Vinyard was under arrest and secured with handcuffs and in the back seat of the patrol car.
>
> . . . . .
>
> While the parties do not cite and we have not located Supreme Court, Eleventh Circuit, or Georgia Supreme Court decisions regarding pepper spray use in the course of an arrest, other courts

---

[1] Although this "offense" may be questionable, the plaintiff has agreed that there is no dispute about the lawfulness of the arrest.

> have addressed its use. Courts have consistently concluded that using pepper spray is excessive force in cases where the crime is a minor infraction, the arrestee surrenders, is secured, and is not acting violently, and there is no threat to the officers or anyone else. (Footnote omitted).

In *Reese v. Herbert*, 527 F.3d 1253, 1274 (11 th Cir. 2008), the court stated:

> The *Graham* factors, as applied to Reese's version of the facts, weigh decisively in Reese's favor. The crime of misdemeanor obstruction is a crime of "minor severity" for which less force is generally appropriate. See *Vinyard*, 311 F.3d at 1348-49. In view of the fact that Reese was lying face down on the ground, was not suspected of having committed a serious crime, did not pose an immediate threat of harm to anyone, and was not actively resisting or evading arrest, the defendants' use of force was a wholly disproportionate response to the situation. *See id.* at 1348 ("Courts have consistently concluded that using pepper spray is excessive force in cases where the crime is a minor infraction, the arrestee surrenders, is secured, and is not acting violently, and there is no threat to the officers or anyone else.").

*Also see Graham v. Connor*, 490 U.S. 386 (1989). The court will grant a new trial on its own initiative.

This the 26th day of May, 2009.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**