# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **SANDRA HEATH,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | *   **Civil Case No. 07-PT-826-M** |
| | * |
| **RAY CUMBY, individually,** | * |
| **NICK GASKIN, individually,** | * |
| | * |
| **Defendants.** | * |

## MEMORANDUM

The court has previously denied the defendants' post-verdict motion. The court writes this memorandum to distinguish this case from the case of *Buckley-Rackard*, 292 Fed. Appx. 791 (11th Cir. 2008) cited by the defendants.[1]  Without attempting to list all the distinctions, the court does note the following:

(1) Ms. Heath had already been arrested before she was pepper sprayed.

(2) The pepper spraying took place at the police station, not on a busy highway at night.

(3) There were already two large police officers present in this case.

(4) Plaintiff was not resisting arrest. She was attempting to see her son.

(5) The safety of the officers and others was not an issue here.

---

[1] Since *Buckley-Rackard* is not a regularly published opinion, it may not be precedent under Eleventh Circuit rules. It is appropriate to cite it. *If* it conflicts with *Vinyard or Reese*, it would not be binding since it is not an *en banc* decision.

This court is of the opinion that *Vinyard v. Wilson*, 311 F.3d 1340 (11th Cir. 2002)[2] and *Lee v. Ferraro*, 284 F.3d 1188 (11th Cir. 2002) are more pertinent to this case than is *Buckley - Rackard*.[3] Particularly, the *Reese* case previously cited by this court is more apt. The court recommends a full reading of all cited cases.[4]

This the 15th day of June, 2009.

*/s/ Robert B. Propst*
_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[2] ("Thus, Vinyard's conduct as she describes it, was a nuisance but not a threat ..."), 311 F.3d at 1347-48. *Also see, Amnesty Am. v. Town of Hartford*, 361 F.3d 113 (2d Cir. 2004).

[3] It is not just a question of whether there was a request by the officers accompanied by their threat to pepper spray. *Graham*, *Vinyard*, *Reese* and even *Buckley-Rackard* suggest that the totality of circumstances should be considered. All other factors in that totality weigh in favor of the plaintiff.

[4] See penultimate paragraph in *Lee*.